FILED _____ ENTERED
LODGED _____ RECEIVED

NOV 20 2000 ZG

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                  DEP.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

DANE CHANCE, NANCY DONALDSON,
ARCHIBALD FILSHILL, MATT JAMPOLE,
and JUDY PHAM, individually and on
behalf of all others similarly situated,

                    Plaintiffs,

        vs.

AVENUE A, INC.,

                    Defendant.

No. **C00-1964C**

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

Plaintiffs DANE CHANCE, NANCY DONALDSON, ARCHIBALD FILSHILL, MATT

JAMPOLE, and JUDY PHAM (hereinafter referred collectively as "plaintiffs," or individually

as "Chance," "Donaldson," "Filshill, "Jampole," and "Pham," respectively), by their

undersigned counsel, on behalf of themselves and all others similarly situated, bring this Class

Action against defendant AVENUE A, INC. (hereinafter referred to as "Avenue A," the

"Company," or "defendant"), alleging the claims set forth herein. Plaintiffs' allegations as to

themselves and their own actions, as set forth in ¶¶ 13-17 herein, are based upon their

personal knowledge. All other allegations are based upon information and belief pursuant to

the investigations of counsel. Based upon such investigation, plaintiffs believe that

substantial evidentiary support exists for the allegations herein or that such allegations are

*CLASS ACTION COMPLAINT*        ORIGINAL        - 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR
627  208ᵗʰ AVENUE SE
REDMOND, WASHINGTON  98053-7033
TEL (425) 868-7813  •  FAX (425) 868-7870

1    likely to have evidentiary support after a reasonable opportunity for further investigation

2    and/or discovery.

3 **NATURE OF THE CASE**

4    1.    Plaintiffs bring this action on behalf of themselves and a Class defined as:

5       ALL PERSONS WHO HAVE HAD INFORMATION ABOUT THEM
GATHERED BY AVENUE A AS A RESULT OF OR IN CONNECTION

6       WITH AVENUE A'S PLACING "COOKIES" OR OTHER TRACKING
DEVICES UPON THEIR COMPUTERS.

7
Plaintiffs allege that Avenue A has covertly, without consent, and in an unauthorized manner,

8
implanted Internet "cookies" upon Internet users' computer hard disk drives. Through this

9
and other wrongful conduct, as further discussed below, Avenue A has used those cookies and

10
other surreptitious data-collection methods to secretly intercept and access computer users'

11
personal data and Web browsing habits and has transmitted this information to Avenue A for

12
its own commercial benefit.

13
   2.    At all relevant times, Avenue A's advertising technology has contained secret

14
information-gathering capacities that were not disclosed to or known by plaintiffs or the Class

15
and which permitted Avenue A to surreptitiously, in an unauthorized manner, and for tortious

16
and unlawful purposes, intercept and access plaintiffs' and the Class members' personal and

17
private information, monitor their Internet activity, and create detailed personal profiles based

18
on such information.

19
   3.    The kinds of information that Avenue A has wrongfully obtained from plaintiffs

20
and the Class includes, but is not limited to, some or all of the following: **(a)** Internet users'

21
full names; **(b)** Internet users' home addresses; **(c)** Internet users' telephone numbers;

22
**(d)** Internet users' e-mail addresses; **(e)** the Internet address or URL for any Web pages

23
visited by Internet users that contain advertising banners, "Web bugs," or other insertions

24
placed by Avenue A or which utilize Avenue A tracking and profiling technology;

25
**(f)** information concerning Internet users' online purchasing history -- including online retail

26

*CLASS ACTION COMPLAINT*      - 2 -

LAW OFFICES OF
**CLIFFORD A. CANTOR**
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 · FAX (425) 868-7870

1   purchasing data on a per-transaction basis; and **(g)** other personal demographic data.

2       **4.**    This personal and private information was intercepted by and/or accessed by

3   Avenue A and transmitted to it on a regular basis, without alerting Internet users in any

4   manner. As a result, Avenue A was able to and did access plaintiffs' and Class members'

5   computer systems and/or intercept their electronic communications without authorization.

6   Avenue A has obtained, compiled, and used this personal information for its own commercial

7   purposes.

8       **5.**    Avenue A, has further admitted that it engages in a "Customer Targeting"

9   initiative that "identifies anonymous web users" and "create[s] a customized digital

10   marketing plan for each individual [Internet user] based on his or her actual online behavior"

11   (emphasis added).

12       **6.**    At all relevant times, plaintiffs and the Class, as part of their normal Internet

13   browsing and usage, visited third-party Web sites that, unbeknownst to them, utilized and/or

14   facilitated Avenue A's advertising products and services and/or Avenue A's tracking and

15   profiling technology. Since they were doing so in the privacy of their own homes or offices,

16   and since Avenue A did not display any warning or indication that it was collecting or

17   transmitting personal and private information to or from their computer systems, plaintiffs

18   and the Class had a reasonable expectation of privacy as to the nature of their activity and the

19   contents of any information they provided to or obtained from a particular Web site.

20       **7.**    Thus, through Avenue A's relationships with Web publishers and advertisers

21   located throughout the United States, Avenue A has secretly obtained personal and private

22   information from plaintiffs and the Class – a course of action and a body of information that

23   is protected from interception, access, and disclosure by federal law.

24       **8.**    Despite the depth and breadth of Avenue A's surreptitious and illegal tracking,

25   profiling, information collection, and behavioral analysis of Internet users, including plaintiffs

26   and the Class, Avenue A has refused to permit Internet users to access, review, or correct their

*CLASS ACTION COMPLAINT*    - 3 -

LAW OFFICES OF
**CLIFFORD A. CANTOR**
627 208™ AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813  •  FAX (425) 868-7870

1    wrongfully-obtained information in any manner. Indeed, Scott Lipsky, Avenue A's co-
2    founder and Chief Technology Officer, has stated that Avenue A has "no plans" to offer
3    Internet users the opportunity to review their own personal profiles.

4        **9.**     Consumers have a legally protected privacy interest in the personal data
5    described above, and had an actual and reasonable expectation that an undisclosed (indeed
6    hidden) advertising and/or Internet tracking/profiling company such as Avenue A would not
7    access, intercept, and/or use that information. By secretly accessing, obtaining, and/or using
8    consumers' stored electronic communications and information, including but not limited to
9    plaintiffs' and the Class members' personal and private information, Avenue A engaged in
10   conduct that constitutes a serious invasion of privacy and trespass to property that is highly
11   offensive and violates applicable federal and state statutes, as well as the common law. Such
12   conduct is ongoing and continues to this date. Plaintiffs, on behalf of themselves and the
13   Class, thus seek injunctive relief and monetary damages – including statutory and punitive
14   damages – restitution, and/or disgorgement, to redress Avenue A's unlawful practices.

15                          **JURISDICTION AND VENUE**

16       **10.**    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331; 18
17   U.S.C. § 2701, *et seq.* (Electronic Communications Privacy Act -- Stored Electronic
18   Communications); 18 U.S.C. §1030, *et seq.* (Computer Fraud and Abuse Act); and 18 U.S.C.
19   § 2510, *et seq.* (Electronic Communications Privacy Act -- Interception of Electronic
20   Communications). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

21       **11.**    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Avenue A
22   maintains its principal place of business within this District; and because a substantial part of
23   the events or omissions giving rise to plaintiffs' and the Class members' claims occurred in
24   this District.

25       **12.**    In connection with the acts, transactions, and conduct alleged herein, Avenue A
26   used the means and instrumentalities of interstate commerce, including the United States

*CLASS ACTION COMPLAINT*                         - 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR
627 208ᵀᴴ AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813  •  FAX (425) 868-7870

1   mails and interstate telephone communication.

2                                   **PARTIES**

3   *Plaintiffs*

4        **13.**    Dane Chance, a resident of California, brings this action on behalf of himself

5   and all others similarly situated. Mr. Chance has utilized the Web since 1998 and, as a result

6   thereof, believes he has had his computer secretly accessed by Avenue A. As a result of

7   Avenue A's unauthorized and surreptitious accessing of his computer, Mr. Chance believes

8   that Avenue A has accessed, intercepted, and taken stored electronic information and

9   communications, including personal and private information, from his computer and

10  transmitted to Avenue A without his knowledge, authorization, or consent. Mr. Chance uses

11  the Internet on a regular basis, and has visited hundreds if not thousands of different Web

12  sites.

13       **14.**    Nancy Donaldson, a resident of California, brings this action on behalf of

14  herself and all others similarly situated. Ms. Donaldson has utilized the Web since 1996 and,

15  as a result thereof, believes she has had her computer secretly accessed by Avenue A. As a

16  result of Avenue A's unauthorized and surreptitious accessing of her computer, Ms.

17  Donaldson believes that Avenue A has accessed, intercepted, and taken stored electronic

18  information and communications, including personal and private information, from her

19  computer and transmitted to Avenue A without her knowledge, authorization, or consent. Ms.

20  Donaldson uses the Internet on a regular basis, and has visited hundreds if not thousands of

21  different Web sites.

22       **15.**    Archibald Filshill, a resident of Pennsylvania, brings this action on behalf of

23  himself and all others similarly situated. Mr. Filshill has utilized the Web since 1998 and, as

24  a result thereof, believes he has had his computer secretly accessed by Avenue A. As a result

25  of Avenue A's unauthorized and surreptitious accessing of his computer, Mr. Filshill believes

26  that Avenue A has accessed, intercepted, and taken stored electronic information and

LAW OFFICES OF
CLIFFORD A. CANTOR
627  208TH  AVENUE  SE
REDMOND,  WASHINGTON  98053-7033
TEL (425) 868-7813  •  FAX (425) 868-7870

1  communications, including personal and private information, from his computer and
2  transmitted to Avenue A without his knowledge, authorization, or consent. Mr. Filshill uses
3  the Internet on a regular basis, and has visited hundreds if not thousands of different Web
4  sites.

5       16.    Matt Jampole, a resident of Connecticut, brings this action on behalf of himself
6  and all others similarly situated. Mr. Jampole has utilized the Web since 1997 and, as a result
7  thereof, believes he has had his computer secretly accessed by Avenue A. As a result of
8  Avenue A's unauthorized and surreptitious accessing of his computer, Mr. Jampole believes
9  that Avenue A has accessed, intercepted, and taken stored electronic information and
10 communications, including personal and private information, from his computer and
11 transmitted to Avenue A without his knowledge, authorization, or consent. Mr. Jampole uses
12 the Internet on a regular basis, and has visited hundreds if not thousands of different Web
13 sites.

14      17.    Judy Pham, a resident of California, brings this action on behalf of herself and
15 all others similarly situated. Ms. Pham has utilized the Web since 1996 and, as a result
16 thereof, believes she has had her computer secretly accessed by Avenue A. As a result of
17 Avenue A's unauthorized and surreptitious accessing of her computer, Ms. Pham believes that
18 Avenue A has accessed, intercepted, and taken stored electronic information and
19 communications, including personal and private information, from her computer and
20 transmitted to Avenue A without her knowledge, authorization, or consent. Ms. Pham uses
21 the Internet on a regular basis, and has visited hundreds if not thousands of different Web
22 sites.

23 ***Defendant***

24      18.    Avenue A is a Washington corporation, headquartered at 506 Second Avenue,
25 Seattle, Washington 98104. Founded in July 1997, Avenue A provides technology-based
26 Internet advertising services to businesses, stating that it integrates Internet media planning

*CLASS ACTION COMPLAINT*       - 6 -

1  and buying, proprietary ad management technology, user profiling, data analysis systems, and

2  Precision Email services to help advertisers increase the effectiveness and return on

3  investment of their Internet advertising campaigns. Combining technology and media

4  expertise, Avenue A represents that it centralizes planning, execution, control, tracking and

5  reporting for online media campaigns. Having launched and monitored more than 50,000

6  such campaigns, Avenue A represents that it has implanted cookies on the computers of more

7  than 90% of all Internet users, including plaintiffs and the Class.

8      **19.**      Avenue A's business includes collecting, analyzing, and compiling highly

9  specific information and detailed behavioral profiles about consumers, including plaintiffs

10  and the Class. Avenue A has an extensive Internet-based advertising and profiling network,

11  with Web-publishing clients such as Eddie Bauer, Drugstore.com, MSN, Expedia, Gateway,

12  Ticketmaster Online, and Nabisco. As described in more detail below, Avenue A implements

13  its online tracking and profiling services through programs such as its highly invasive

14  "SiteFinder" and "Customer Lifecycle Marketing" plans. Avenue A's wrongful conduct, as

15  described herein, originated in and emanates from its corporate headquarters in Seattle,

16  Washington.

17                     **CLASS ACTION ALLEGATIONS**

18      **20.**      Plaintiffs bring this action as a class action, pursuant to Fed R. Civ. P. 23,

19  individually and on behalf of a Class defined as:

20          ALL PERSONS WHO HAVE HAD INFORMATION ABOUT THEM
            GATHERED BY AVENUE A AS A RESULT OF OR IN CONNECTION
21          WITH AVENUE A'S PLACING "COOKIES" OR OTHER TRACKING
            DEVICES UPON THEIR COMPUTERS.
22
    (the "Class"). Excluded from the Class are the Court and its relatives, Avenue A, any parent,
23
    subsidiary, or affiliate of Avenue A, and all employees and directors who are or have been
24
    employed by Avenue A during the Class Period.
25
        **21.**      The Class is so numerous and geographically dispersed that joinder of all
26

LAW OFFICES OF
CLIFFORD A. CANTOR
627  208TH  AVENUE  SE
REDMOND,  WASHINGTON  98053-7033
TEL (425) 868-7813  •  FAX (425) 868-7870

1    members is impracticable. While the exact number and identity of Class members cannot be

2    ascertained by plaintiffs at this time, Avenue A places, serves, and monitors millions of

3    Internet advertisements and Web site insertions per month – advertisements that appear on

4    Internet Web sites that receive millions of "hits" on a daily basis from millions of Internet

5    users, including plaintiffs and the Class. The disposition of the Class's claims in this action

6    will substantially benefit both the parties and the Court. The numerosity requirement of Rule

7    23(a)(1) is therefore satisfied.

8         **22.**    Rule 23(a)(2) and Rule 23(b)(3) are satisfied because there are questions of law

9    and fact common to plaintiffs and the Class, which common questions predominate over any

10   individual questions affecting only individual members. Among these common questions of

11   law and fact are:

12        **(a)**    Whether Avenue A participated in and/or committed or is
     responsible for the conduct complained of;

13

14        **(b)**    Whether Avenue A's conduct constitutes the violations of law
     alleged herein;

15        **(c)**    Whether Avenue A devised and deployed a scheme or artifice to
     defraud or conceal from plaintiffs and the Class Avenue A's ability to, and
16   practice of, intercepting, accessing, and manipulating, for its own benefit,
     private identification and tracking data from plaintiffs' and the Class's personal
17   computers via the ability to (and practice of) implanting secret "cookies" on
     their computers;

18
          **(d)**    Whether Avenue A engaged in deceptive acts and practices in
19   connection with its undisclosed and systemic practice of implanting, accessing,
     and/or disclosing private identification and tracking data on plaintiffs' and the
20   Class's personal computers and using that data to track and profile plaintiffs'
     and the Class's Internet activities and personal habits, proclivities, tendencies,
21   and preferences for defendant's use and benefit;

22        **(e)**    Whether Avenue A's advertising products and services at issue,
     including both the banner advertisements and "Web bugs" it places on its
23   clients' behalf, are able to access, intercept, and transmit plaintiffs' and the
     Class's stored electronic communications and information, including, but not
24   limited to, personal and private information, communicated over the Internet or
     contained in such persons' computers;

25
          **(f)**    Whether Avenue A's conduct was willful and/or intentional;
26

*CLASS ACTION COMPLAINT*                        - 8 -

**(g)**     Whether Avenue A was unjustly enriched, at plaintiffs' and the Class's expense, as a result of its wrongful course of conduct as alleged herein;

**(h)**     Whether plaintiffs and the Class have sustained damages and/or are entitled to restitution and/or disgorgement as a result of Avenue A's wrongdoing and, if so, the proper measure and appropriate formula to be applied in determining such damages, restitution, and/or disgorgement;

**(i)**     Whether plaintiffs and the Class are entitled to an award of statutory, compensatory, and/or punitive damages, and, if so, in what amount; and

**(j)**     Whether plaintiffs and the Class are entitled to declaratory, injunctive, and/or other equitable relief.

**23.**     In satisfaction of Rule 23(a)(3), plaintiffs' claims are typical of the Class's claims and do not conflict with the interests of any other members of the Class in that plaintiffs accessed one or more Internet Web pages upon which Avenue A has placed banner and/or other Internet advertisements and insertions, including "Web bugs." Plaintiffs' accessing of these Internet Web sites enabled Avenue A, through the use of its Internet advertising products and services, to surreptitiously track and/or profile plaintiffs by implanting computer cookies upon plaintiffs' hard disk drives and wrongfully and secretly intercepting, accessing, taking, and manipulating plaintiffs' private, electronic communications and information for Avenue A's own benefit. Plaintiffs assert claims that are typical of the claims of the entire Class, all Class members have been subjected to this same wrongful conduct, and the relief plaintiffs seek is common to the Class.

**24.**     In satisfaction of Rule 23(a)(4), plaintiffs will fairly and adequately protect the interests of the other Class members and have no interests that are antagonistic to or which irrevocably conflict with those of other Class members. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in litigation of this nature to represent them and the Class.

**25.**     A class action is the superior method for the fair and efficient adjudication of this controversy, since joinder of all Class members is impracticable. Plaintiffs are not aware

*CLASS ACTION COMPLAINT*                    - 9 -

1   of any potential difficulties in the management of this action as a class action. Furthermore,
2   because the damages suffered by individual Class members may be relatively small, the
3   expense and burden of individual litigation make it prohibitively expensive for Class
4   members to individually redress the wrongs done to them. Thus, because of the nature of the
5   individual Class members' claims in this litigation, few, if any, could otherwise afford to seek
6   legal redress against Avenue A for the wrongs complained of herein, and a representative
7   class action is therefore both the appropriate vehicle by which to adjudicate these claims and
8   is essential to the interests of justice.

9       **26.**    Absent a representative class action, Class members would continue to suffer
10  harm for which they would have no remedy and Avenue A would unjustly retain both the
11  proceeds of its ill-gotten gains and the wrongfully obtained data. Even if separate actions
12  could be brought by individual Class members, the resulting multiplicity of lawsuits would
13  cause undue hardship and expense for both the Court and the litigants, as well as create a risk
14  of inconsistent rulings and adjudications which might be dispositive of the interests of the
15  other Class members who are not parties to the adjudications, may substantially impede their
16  ability to protect their interests and/or which would establish incompatible standards of
17  conduct for Avenue A.

18      **27.**    Pursuant to Fed. R. Civ. P. 23(b)(2), Avenue A has acted and/or refused to act
19  on grounds generally applicable to plaintiffs and the Class, thereby rendering Class
20  certification and injunctive and/or declaratory relief with respect to the Class as a whole
21  appropriate as well.

22      **28.**    A class action regarding the issues in this case creates no problems of
23  manageability. In particular, notice of pendency of this action can be given in a variety of
24  ways, including by newspaper and trade journal publication and/or by publication on the
25  Internet.

26

*CLASS ACTION COMPLAINT*                       - 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR
627  208TH  AVENUE  SE
REDMOND,  WASHINGTON  98053-7033
TEL. (425) 868-7813  •  FAX (425) 868-7870

## FACTUAL ALLEGATIONS

*Avenue A's Information-Gathering Structure*

29.   Avenue A bills itself as "the leading advocate for online advertisers," and provides Internet advertising products and services for online advertisers and Web site publishers worldwide. Avenue A is in the business of, *inter alia*, running and optimizing Internet advertising campaigns by placing seemingly unrelated banner ads and other forms of advertisements and other tracking insertions on various Internet Web sites on behalf of its numerous clients. Since it began operating in July 1997, Avenue A, using a sophisticated array of Web tracking tools that it intentionally hides from Internet users, has served hundreds of millions of Internet advertisements on its clients' behalf and has placed millions of "cookies" on Internet users' computers. Avenue A presently asserts that its advertising efforts are so successful and have been so pervasive that it has implanted cookies on more than 90% of Internet users' computers and that it knows where more than 100 million Web users have been on the Internet.

30.   Avenue A exploits a number of technologies that, when used together, can and do identify unique users of the Web at very detailed levels -- including specialized information about Internet users' online behavioral tendencies, characteristics, and purchasing histories. The information that Avenue A surreptitiously collects can include information that Internet users, including plaintiffs and the Class consider to be personal and private, such as their names, e-mail addresses, home and business addresses, telephone numbers, searches performed on the Internet, Web pages or sites visited on the Internet, and other communications and information that users would not ordinarily expect advertisers to be able to collect. Avenue A has used and exploited this detailed, personal information, which it collects and organizes in vast databases that form the core services it provides to its customers. Moreover, the amount and type of information Avenue A collects on each user can cover a very long period of time (months or even years), and is done without Internet

LAW OFFICES OF
**CLIFFORD A. CANTOR**
627  208TH  AVENUE  SE
REDMOND,  WASHINGTON  98053-7033
TEL (425) 868-7813  •  FAX (425) 868-7870

1  users' knowledge, authorization, or consent.

2      **31.**   Not only does Avenue A engage in online tracking and profiling activities, but
3  Avenue A further boasts that due to the depth and breadth of the online profiles of Internet
4  users that it surreptitiously compiles and creates, it is able to create detailed, user-specific
5  behavioral profiles of the Internet users through its "SiteFinder," "Customer Targeting," and
6  "Customer Lifecycle Marketing" initiatives, which, Avenue A states, permit it to "identif[y]
7  anonymous Web users."

8      **32.**   Avenue A's advertising, profiling, and tracking technologies, coupled with its
9  behavioral data compilation tools, allow Internet Web site publishers and advertisers to target
10 their best prospects based on the most precise personal profiling and data collection
11 technology available. Avenue A claims that through the use of its profiling and tracking
12 technologies, Avenue A "can create a customized digital marketing plan for each individual
13 based on his or her online behavior."

14     **33.**   What Avenue A fails to disclose is that its applied technologies also provide
15 Avenue A and its clients with the ability to surreptitiously intercept, access, and collect stored
16 electronic communications and information from unsuspecting Internet users -- including
17 plaintiffs and the Class. This sensitive information may include such things as what the Web
18 user looked at and what he/she bought, the materials he/she read, details about his/her
19 financial situation, his/her sexual preference, health conditions and even more specific
20 information like his/her name, home address, e-mail address and telephone number. When a
21 user visits a Web site utilizing Avenue A's advertising products and services, the
22 sophisticated tracking and reporting functionality incorporated into those products and
23 services secretly intercepts, accesses, and collects stored electronic communications and
24 information -- including personal and private information — about that user. Avenue A's
25 technologies have enabled the Company to develop enormous commercial databases
26 containing very detailed user profiles.

*CLASS ACTION COMPLAINT*          - 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 · FAX (425) 868-7870

34.   Through the use of its advertising, tracking, and profiling technologies on its clients' Internet Web sites and on its clients' behalf across countless other Internet Web sites, an unsuspecting user who does not know he or she is being subjected to Avenue A advertising and who has probably never even heard of Avenue A, is having his or her personal and private information intercepted, accessed, transmitted, and collected by Avenue A.  Indeed, as Mike Galgon, Avenue A's co-founder and chief strategy officer has boasted, "[w]e acquire information across [our] clients[' Internet Web sites], and can use that for any of those clients."  Furthermore, the entire process that occurs between Avenue A's computers and Internet users' computer is completely invisible, *i.e.*, unknown and undisclosed to the user.

35.   Avenue A's technology wrongfully monitors Internet users' activities at each and every Web site users visit at which Avenue A's products or services are utilized.  The wrongfulness of this conduct is multiplied  by the fact that Avenue A aggregates this information about users' habits across numerous Web sites.  Avenue A uses covert surveillance methods to access, intercept, collect and track users Internet activities across its clients' Web sites and across those Web sites upon which it places its client's advertisements. Avenue A seeks to gain as much information as possible about Internet users and their online habits.  The more specific the information gained, the more valuable its user information database.

36.   Although Avenue A asserts that it discloses its user profiling activities in its "Privacy Policy" which it posts on its Internet Web site at www.avenuea.com, this purported "disclosure" is not transmitted to users in the normal course of Avenue A's business practice and is not displayed or referred to in any of the hundreds of millions of Internet advertisements it has placed during the Class Period (or on the Internet Web sites upon which those ads appear) -- thereby rendering it meaningless, as the overwhelming majority of Internet users have never heard of Avenue A, nor do they have any reason to know of, let alone visit, Avenue A's Internet Web site, upon which the Company's privacy policy appears.

LAW OFFICES OF
**CLIFFORD A. CANTOR**
627  208TH  AVENUE  SE
REDMOND,  WASHINGTON  98053-7033
TEL (425) 868-7873  •  FAX (425) 868-7870

1        **37.**    Regardless of the contents of Avenue A's privacy policy, if Avenue A's

2    advertising technology is working properly, Internet users, including plaintiffs and the Class,

3    have <u>no idea</u> of Avenue A's involvement in the advertising process and thus remain ignorant

4    of both the content and location of Avenue A's privacy policy as well as Avenue A's

5    wrongful, unauthorized, and invasive profiling and tracking activities and cookie implantation

6    -- which plaintiffs and the Class have never authorized Avenue A to do.

7    ***The Internet***

8        **38.**    Computer networks are composed of individual computers connected together

9    to share information. Any time you connect two or more computers together so that they can

10   share resources, you have a computer network. If you connect two or more computer

11   networks together, you have an "internet." Today's Internet presently connects hundreds of

12   thousands of independent networks into a vast global "network of networks," which has been

13   simplified and commercialized for mass-market use.

14       **39.**    The World Wide Web (or "the Web"), which is a subset of the Internet, consists

15   of a vast, decentralized collection of documents containing text, visual images, audio clips,

16   and other informative media. Computers known as "servers" store these Web documents and

17   make them available over the Internet through a set of standard operating and transmission

18   protocols that define and structure the Web's operation and organization.

19       **40.**    Web sites are groups of related documents that reside on one or more servers.

20   Uniform Resource Locators or ("URLs") are addresses that indicate the precise location of

21   specific Web documents on a server.

22       **41.**    Individuals such as plaintiffs and the Class access the Internet either by using a

23   commercial Internet service provider ("ISP"), such as America Online, @Home, Earthlink, or

24   MSN, or through a network connection operated by the entity which provides their computer

25   access -- such as their employer. In each case, the ISP or the network connection provides the

26   electronic communication service that allows the user's computer to connect with other

*CLASS ACTION COMPLAINT*      - 14 -

1   computers on the Internet. Because the Internet is global and Web sites are located
2   throughout every state and almost every country, the plaintiffs' and the Class's computers are
3   used in interstate and foreign commerce or communication and their electronic
4   communications with other computers or Web sites affect interstate commerce.

5      **42.**   For users' computers to access stored Web documents made available *via* the
6   Internet, they must request a connection to the server containing that information. When a
7   user's computer sends such a request to a server, the user's computer "tells" the server what
8   information it wants. The server, based upon the user's request, formulates a response which
9   it then returns to the user with the requested information. The responses sent by the server are
10  immediately placed in temporary storage on the user's computer incidental to the transmission
11  of such electronic communications.

12  *Internet Advertising (Banner Advertising)*

13     **43.**   One of the most important components of the Web is HyperText Markup
14  Language ("HTML"), which is the coding language used to define the structure of documents
15  exchanged over the Web. HTML provides many features, of which the one most germane to
16  this case is the ability to link one Web document to other Web documents, such that when a
17  user clicks on a "link" they will be immediately transported to the associated document or
18  Web page. These HTML codes also enable Web documents to access and incorporate visual
19  images, which may be included as part of the viewed Web document or serve as a link. This
20  means that when a Web user clicks on the image, he/she will be immediately transported to
21  the document or Web site to which the image is linked. This second relationship is how
22  banner ads work.

23     **44.**   Banner advertisements are the predominant form of advertising sold and used
24  by Internet advertising companies such as Avenue A. Banner advertisements are placed
25  within Web documents on various Internet Web sites and appear when an Internet user
26  accesses the Web page(s) upon which advertisers have paid for the advertisements to run.

*CLASS ACTION COMPLAINT*                   - 15 -

1    When a banner ad is clicked, the user is shown a document that is dedicated to the product,
2    service, or company promoted by the banner ad.

3        **45.**    Banner advertisements are so named because they generally resemble flags or
4    banners, in that they tend to be long and narrow and their width often spans a significant part
5    of a Web page.  Banner advertisements are not like other images found on Internet Web sites,
6    because instead of the image being placed by the Internet Web site being visited, the banner
7    advertisement may come from a server run by the operator of a banner ad network, such as
8    Avenue A.  This means that a third-party has made itself part of the transaction between the
9    Web user (*i.e.* plaintiff(s) and the Class) and the Web server (those sites that plaintiffs and the
10   Class visit), without those Web users' knowledge, authorization, or consent.  As a result of its
11   unauthorized interjection of itself into this relationship, Avenue A is able to surreptitiously
12   obtain and compile valuable information about Web users.

13       **46.**    It is through, *inter alia*, Avenue A's placement of advertisements and/or
14   insertions upon Internet Web sites on its clients' behalf that Avenue A is able to engage in the
15   wrongful conduct alleged herein because these products and services are used as "trojan
16   horses" to place tracking devices called "cookies" on unsuspecting users' computers.

17       **47.**    Thus, Avenue A intercepts users' communications with other Internet Web sites
18   for the unlawful and tortious purposes of invading Internet users' privacy, trespassing on
19   other computers and discovering their personal information.

20
     *Avenue A's Use of "Cookies" and "Web Bugs" to*
21   *Track and Profile Plaintiffs and the Class*

22       *"Cookies"*

23       **48.**    A "cookie" is an electronic file that online companies, including Avenue A,
24   implant upon computer users' hard drives when those users visit Internet Web sites that
25   permit the implantation and use of such devices.  Cookies are created by Web servers and
26   implanted on users' hard drives when they first establish a connection to those sites.

*CLASS ACTION COMPLAINT*                      - 16 -

49.    Cookies, which Internet companies differentiate between by assigning unique identification numbers to each computer user, can contain virtually any kind of information. Cookies placed by Web sites that users choose to visit generally perform many convenient and innocuous functions, such as keeping track of items that users shop for or storing user passwords or preferences. The cookie stores this information on Internet users' computers and, when prompted, the cookie provides this information back to the server so it can be accessed and used again each time the user returns.

50.    The original purpose of cookies, however, has been subverted by online advertising companies such as Avenue A, that use cookies to track and record individual Internet users' movements and activities across the Web. Avenue A secretly implants and accesses its own cookies on users' computers whenever users visit Web sites that utilize Avenue A advertising products or services. Avenue A's rampant and undisclosed cookie implantation enables them to, among other things, track and collect personal information about Internet users' browsing habits, such as the Web sites they visit, items they look at or purchase, newsgroups they view and/or participate in, and the like.

51.    In fact, the United States Department of Energy's Computer Incident Advisory Capability deemed the general use of cookies as acceptable, but stressed serious concern over the use of cookies to track users, such as the conduct in which Avenue A engages. Specifically, that report stated "[c]ookies are being used for tracking people's browsing habits, and that makes a lot of people really uncomfortable."

52.    Due to the surreptitious and undisclosed nature of its practices, Internet users are unaware that Avenue A is perpetually harvesting this information for its own commercial use and benefit. The information contained in Avenue A's implanted cookie files, including the user's unique identification number, is sent back to Avenue A each and every time the user visits a Web site where Avenue A has a presence.

53.    Avenue A's unlawful and surreptitious conduct occurs whether or not the

LAW OFFICES OF
CLIFFORD A. CANTOR
627  208TH  AVENUE  SE
REDMOND,  WASHINGTON  98053-7033
TEL (425) 868-7813  •  FAX (425) 868-7870

1   computer user even clicks on Avenue A's banner advertisement(s).  Once Avenue A implants

2   a cookie onto a user's computer, Avenue A is automatically able to access, read and update

3   that cookie on any of the Web sites on which it has a has a presence, thereby enabling Avenue

4   A, unbeknownst to plaintiffs and the Class, to perpetually update and enhance its consumer

5   profile database for its own commercial enrichment.

6       **54.**   Furthermore, most cookies are set by their generators to expire within a short

7   amount of time after they are created – in fact, sometimes as briefly as a single Internet

8   session.  Once the expiration date has been reached, the cookie becomes defunct and is no

9   longer forwarded to the server.  Avenue A, however, sets its cookies' expiration dates for

10   years into the future, thereby guaranteeing continued access and linkage for a virtually

11   indefinite time period and ensuring Avenue A the ability to gather large quantities of data

12   regarding plaintiffs and the Class.

13      **55.**   Internet users, including plaintiffs and the Class, are generally unaware that the

14   vast majority of these online banner advertisements are generated, placed and monitored by

15   entities like Avenue A.  They also have no idea that merely visiting a Web site with banner

16   advertisements enables Avenue A to place and access their own surreptitiously-placed

17   Internet cookies.  Thus, plaintiffs and/or the Class have in no way authorized Avenue A to

18   engage in this  invasive and wrongful course of conduct.

19      ***"Web Bugs"***

20      **56.**   Not only does Avenue A engage in the above described practices, but it utilizes

21   an even more clandestine form of information gathering through the use of Web bugs, which

22   monitor, track, and profile Web users' online activities in a completely invisible manner.

23      **57.**   Web bugs, which are also known as "Action Tags," "pixel tags," "clear GIFs,"

24   and/or "invisible GIFs," are transparent graphic images the size of a single pixel, completely

25   invisible to Internet users, that are embedded in the source code of Web pages.  Avenue A

26   places Web bugs on Web pages through, *inter alia*, its SiteFinder service, to monitor, track,

*CLASS ACTION COMPLAINT*                    - 18 -

1  and profile Web users when they access those pages – regardless of whether Avenue A has
2  placed banner advertisements on those pages as well. Thus, Avenue A can and does monitor
3  Internet users even on Web pages that do not contain advertisements. Furthermore, through
4  its SiteFinder service, Avenue A is able to associate online purchase histories with online
5  behavioral data – none of which is disclosed to Internet users, including plaintiffs and the
6  Class. Indeed, through its use of Web bugs, Avenue A can associate an Internet user's
7  specific online transactions with that Internet user's personal Web surfing behavior across the
8  countless Internet Web sites that he/she has visited.

9      **58.**    Although Web bugs are completely invisible to Web users, they are as effective
10  as large banner advertisements in enabling the implantation of cookies on Web users'
11  computers and tracking users' movements within and across Internet Web sites. Such an
12  insidious program of using hidden tracking, monitoring, and profiling devices further
13  evidences Avenue A's intent to avoid detection while accessing and intercepting plaintiffs'
14  and the Class's electronic communications.

15      **59.**    Avenue A's above-described unauthorized, deceptive, invasive, and fraudulent
16  actions have unjustly enriched defendant to the severe detriment of plaintiffs and the Class.
17  Plaintiffs and the Class have been harmed, as they have been subjected to repeated and
18  unauthorized invasions of their privacy – violations which continue to this day. Consumers
19  have a legally protected privacy interest in the above-described confidential data. By
20  surreptitiously, and in an unauthorized manner, obtaining and using consumers' personal and
21  private information, Avenue A engaged in conduct that constitutes a serious invasion of
22  privacy that is highly offensive and violates, *inter alia*, federal statutes, state statues, and the
23  common law.

24

25

26

LAW OFFICES OF
CLIFFORD A. CANTOR
627  208TH  AVENUE  SE
REDMOND,  WASHINGTON  98053-7033
TEL (425) 868-7513   ·   FAX (425) 868-7870

## CLAIMS FOR RELIEF

### I.

### Violation of Electronic Communications Privacy Act – Stored Electronic Communications
### (18 U.S.C. § 2701 *et seq.*)

60.     Plaintiffs reallege and incorporate all of the foregoing as if fully set forth herein.

61.     Each instance of defendant's wrongful course of conduct, as set forth above, constitutes a violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2701, *et seq.*, in that defendant, by and through its herein-described wrongful course of conduct, intentionally accessed without authorization and/or intentionally exceeded its authorization to access plaintiffs' and the Class's computer systems through which electronic communications systems are provided, and obtained access to their wire and electronic communications while in electronic storage in such computer systems and/or knowingly divulged the contents of such communications while in electronic storage by defendant, all without or exceeding the knowledge, authorization, or consent of plaintiffs and the Class.

62.     Pursuant to 18 U.S.C. §2707, plaintiffs and the Class are entitled to such preliminary or other equitable or declaratory relief as may be appropriate, at least $1,000 per Class member in statutory damages, actual and punitive damages, costs and reasonable attorneys' fees, plus disgorgement of any profits defendant earned as a result of such violations of law.

### II.

### Violation of the Electronic Communications Privacy Act – Interception of Electronic Communications
### (18 U.S.C. § 2510 *et seq.*)

63.     Plaintiffs reallege and incorporate all of the foregoing as if fully set forth herein.

64.     Communications by plaintiffs and the Class between their computers and any other entity, including a Web site or Internet service provider, over the Internet are "electronic communications" affecting interstate commerce as defined in 18 U.S.C. § 2510.

*CLASS ACTION COMPLAINT*                                   - 20 -

LAW OFFICES OF
CLIFFORD A. CANTOR
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813  ·  FAX (425) 868-7870

65.     In violation of 18 U.S.C. § 2510, *et seq.*, Avenue A has intentionally intercepted, endeavored to intercept, used and/or disclosed plaintiffs' and the Class's electronic communications, as described above, without their knowledge, authorization, or consent.

66.     Avenue A intercepted plaintiffs' and the Class's electronic communications for the tortious and unlawful purposes of trespassing on Internet users' computers and secretly tracking their Internet movements, online purchases, and other personal information.

67.     Pursuant to 18 U.S.C. § 2520, plaintiffs and each Class member are entitled to equitable relief, statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, reasonable attorneys' fees and costs, plus any profits made by Avenue A as a result of such violations of law.

### III.

### Violation of the Computer Fraud and Abuse Act
### (18 U.S.C. § 1030 *et seq.*)

68.     Plaintiffs reallege and incorporate all of the foregoing as if fully set forth herein.

69.     Plaintiffs' and the Class's computers are used in interstate and foreign commerce and communication as defined by 18 U.S.C. § 1030.

70.     Defendant has intentionally and knowingly accessed and/or caused the transmission of a program, information, code, and/or command, such as cookies, to plaintiffs' and the Class's computers without authorization in violation of 18 U.S.C. § 1030.

71.     Defendant has intentionally and knowingly accessed, without authorization and/or exceeding authorized access, plaintiffs' and the Class's computers and obtained valuable information from those personal computer systems in conjunction therewith. In so doing, defendant has intentionally caused plaintiffs and the Class damages and personal loss.

72.     As a direct and proximate result of defendant's wrongful course of conduct, plaintiffs and the Class are entitled to remedies, including but not limited to, reimbursement for loss, injunctive relief, and other equitable relief, including the disgorgement of any ill-

LAW OFFICES OF
CLIFFORD A. CANTOR
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813   ·   FAX (425) 868-7870

1    gotten profits acquired by defendant as a result of violating the law, as well as costs and

2    attorneys' fees.

3                                             IV.

4                     **Common Law Trespass to Personal Property**

5        **73.**    Plaintiffs reallege and incorporate all of the foregoing as if fully set forth herein.

6        **74.**    As set forth in greater detail above, defendant used, interfered with, and

7    intermeddled with plaintiffs' and the Class's ownership of their personal property, namely,

8    their computers, by, directly or indirectly, secretly depositing cookies on their computers,

9    secretly accessing their computers to obtain information contained in and enabled by the

10   cookie, and secretly collecting personal data and information regarding each Class member's

11   Internet surfing habits contained in electronic storage on his/her computer.

12       **75.**    As further described above, defendant, directly or indirectly, used, interfered

13   with, and intermeddled with plaintiffs' and the Class's ownership of their personal property,

14   namely, their computers, by intercepting the electronic communications sent to and from their

15   computers.

16       **76.**    Pursuant to the common law, plaintiffs and the Class are entitled to such

17   preliminary or other equitable or declaratory relief as may be appropriate, compensatory

18   damages, actual damages, including any profits made by defendant as a result of its use of,

19   interference with, and intermeddling with their computers, and punitive damages, restitution,

20   and/or disgorgement..

21                                             V.

22                      **Common Law Invasion of Privacy**

23       **77.**    Plaintiffs reallege and incorporate all of the foregoing as if fully set forth herein.

24       **78.**    Plaintiffs and the Class have a reasonable expectation of privacy concerning the

25   integrity of their computers and the confidentiality of their communications with the Internet

26   Web sites that they visit.

*CLASS ACTION COMPLAINT*                      - 22 -

**79.**    Defendant has, either directly or by aiding, abetting and/or conspiring to do so, knowingly, recklessly, or negligently disclosed, exploited, misappropriated and/or engaged in widespread commercial usage of plaintiffs' and the Class's private and sensitive information for defendant's own benefit without plaintiffs' or the Class's knowledge, authorization, or consent. Such conduct constitutes a highly offensive and dangerous invasion of plaintiffs' and the Class's privacy.

**80.**    Plaintiffs and the Class did not voluntarily disclose their personal and private information, including their Internet surfing habits, to defendant -- and indeed never even knew that Avenue A existed or conducted data collection and monitoring activities upon and across its clients' Web sites. Plaintiffs and the Class provided such information, and had their Internet habits monitored, without their knowledge or consent, and would not have consented to having their personal and private information, including their on-line profiles, used for defendant's commercial gain.

**81.**    As a result thereof, plaintiffs and the Class have been damaged in an amount according to proof at the time of trial and/or have been irreparably harmed by such conduct.

**VI.**

**Unjust Enrichment**

**82.**    Plaintiffs reallege and incorporate all of the foregoing as if fully set forth herein.

**83.**    Defendant has wrongfully and unlawfully enriched itself to plaintiffs' and the Class's detriment by engaging, and continuing to engage, in the above-described wrongful course of conduct for its own commercial benefit and enrichment.

**84.**    Defendant's continued use, enjoyment, and retention of these wrongfully and unlawfully received funds violates fundamental principals of justice, equity, and good conscience and thus constitutes unjust enrichment.

**85.**    As a direct and proximate result of defendant's above-described wrongful course of conduct, plaintiffs and the Class are entitled to the relief set forth below, as

*CLASS ACTION COMPLAINT*                                                    - 23 -

LAW OFFICES OF
CLIFFORD A. CANTOR
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813  ·  FAX (425) 868-7870

1 | appropriate.

2 | VII.

3 | **Violation of State Consumer Protection and Deceptive Practices Acts**

4 | **86.** Plaintiffs reallege and incorporate all of the foregoing as if fully set forth herein.

5 | **87.** By its wrongful course of conduct, as set forth above, Avenue A has engaged in
6 | and continues to engage in unfair and deceptive acts and practices in the conduct of trade or
7 | commerce in violation of RCW ch. 19.86 (laws of the State of Washington, where Avenue A
8 | has its principal place of business); unlawful, unfair or fraudulent business acts or practices
9 | and/or unfair, deceptive, untrue, or misleading advertising in violation of Cal. Bus. & Prof.
10 | Code § 17200 *et seq.* (laws of the State of California, where Avenue A does business and
11 | where plaintiffs Chance, Donaldson, and Pham are residents); or other similar state consumer
12 | protection, consumer fraud, or deceptive practices statutes that may be found to be applicable.

13 | **88.** Avenue A's above-described business acts, practices, misrepresentations, and
14 | omissions are unfair, deceptive, and misleading and plaintiffs and the Class have been
15 | damaged by Avenue A's unfair and deceptive acts and practices. Avenue A's wrongful
16 | course of conduct affected the public interest and continues to occur to this day.

17 | **89.** Plaintiffs and the Class were unaware of the deceptive and undisclosed nature of
18 | Avenue A's above-described wrongful course of conduct. Had plaintiffs and the Class been
19 | aware of the facts that Avenue A misrepresented and/or omitted regarding its tracking and
20 | profiling activities arising out of computer users' accessing Internet Web sites upon which
21 | Avenue A placed advertisements and/or other insertions, as alleged above, they would have
22 | taken steps to prevent Avenue A's above-described wrongful course of conduct. As a result
23 | of their being deceived and misled by Avenue A, plaintiffs and the Class are entitled to all
24 | appropriate relief available the above-referenced consumer protection statutes and have
25 | sustained damages, including damages to their business or property in an amount to be proven
26 | at trial.

LAW OFFICES OF
**CLIFFORD A. CANTOR**
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 · FAX (425) 868-7870

## VIII.

### Declaratory Judgment

**90.**   Plaintiffs reallege and incorporate all of the foregoing as if fully set forth herein.

**91.**   Plaintiffs and the Class are entitled to a declaratory judgment that, by the acts alleged herein, defendant has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*; the Electronic Communications Privacy Act – Interception of Electronic Communications, 18 U.S.C. § 2510 *et seq.*; the Electronic Communications Privacy Act – Stored Electronic Communications, 18 U.S.C. §2701 *et seq.*; plaintiffs' and the Class members' common law rights against trespass to personal property, invasion of privacy, unjust enrichment,  and that defendant has violated applicable state consumer protection or deceptive practices statutes.

### <u>REQUEST FOR RELIEF</u>

**WHEREFORE,** plaintiffs, individually and on behalf of all others similarly situated, respectfully request that this Court enter judgment in their favor and against defendant as follows:

> **(a)**   Determining that the action is a proper class action maintainable under Fed. R. Civ. P. 23; certifying an appropriate Class and certifying plaintiffs as Class Representatives;

> **(b)**   Ordering the temporary and preliminary off-site storage, under strict independent monitoring, of all personal and confidential information collected and/or shared as a result of defendant's wrongful conduct described herein in order to preserve the *status quo* pending the Court's resolution of the issues raised by this Complaint;

> **(c)**   Declaring the acts and practices complained of herein to be in violation of the statutory and common laws set forth above;

> **(d)**   Enjoining and restraining defendant from any further acts in violation of the statutory and common laws set forth above;

> **(e)**   Directing defendant to take such affirmative steps as are necessary to ensure both that the causes and effects of its unlawful information handling acts and practices are eliminated and no longer continue and that all Class members are specifically notified of defendant's information handling acts and practices and the existence and availability of a remedy to correct the illegal activities set forth above. At a minimum, such affirmative steps must include:

*CLASS ACTION COMPLAINT*                    - 25 -

(i) ordering defendant to conduct a corrective advertising and information campaign advising consumers whose confidential electronic communications have already been accessed or intercepted and/or personal data collected and utilized what has occurred and how to prevent further unwanted intrusions, and (ii) ordering the destruction and/or purging, under court monitoring, of all personal and confidential information collected and/or shared as a result of defendant's wrongful conduct described herein.

(f) Awarding plaintiffs and the Class any and all statutory damages authorized by the applicable federal statutes;

(g) Awarding plaintiffs and the Class their actual and compensatory damages and/or restitution for Avenue A's violations of statutory and/or common law;

(h) Awarding plaintiffs and the Class punitive damages, to the extent allowable;

(i) Awarding plaintiffs and the Class treble damages, to the extent allowable;

(j) Directing defendant to disgorge all monies wrongfully obtained as a result of the conduct alleged in this Complaint and awarding to plaintiffs and the Class all profits derived as a result of the unlawful acts and practices alleged herein;

(k) Awarding plaintiffs and the Class the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

(l) Awarding plaintiffs and the Class pre- and post-judgment interest; and

(m) Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED this 20th day of November, 2000.

LAW OFFICES OF CLIFFORD A. CANTOR

Clifford A. Cantor (WSBA # 17893)
627 - 208th Avenue SE
Redmond, Washington 98053-7033
Tel: (425) 868-7813
Fax: (425) 868-7870

*CLASS ACTION COMPLAINT*

- 26 -

LAW OFFICES OF
CLIFFORD A. CANTOR
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 • FAX (425) 868-7870

Adam J. Levitt
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
205 North Michigan Avenue, Suite 1900
Chicago, Illinois 60601
Tel: (312) 243-7900
Fax: (312) 243-7979

Daniel W. Krasner
David A.P. Brower
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
270 Madison Avenue, Suite 900
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 686-0114

Max W. Berger
Seth R. Lesser
Andrew M. Gschwind
**BERNSTEIN LITOWITZ BERGER &**
**GROSSMANN LLP**
1285 Avenue of the Americas, 33rd Floor
New York, New York 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

Dennis Stewart
Alan M. Mansfield
William J. Doyle II
**MILBERG WEISS BERSHAD**
**HYNES & LERACH LLP**
600 West Broadway, Suite 1800
San Diego, California 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

Lori G. Feldman (WSBA # 29096)
**MILBERG WEISS BERSHAD**
**HYNES & LERACH LLP**
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
Tel: (206) 839-0730
Fax: (206) 839-0728

Steven E. Cauley
**CAULEY & GELLER LLP**
11311 Arcade Drive, Suite 201
Little Rock, Arkansas 72212
Tel: (501) 312-8500
Fax: (501) 312-8505

*CLASS ACTION COMPLAINT*

- 27 -

Brian J. Robbins
**CAULEY & GELLER LLP**
225 Broadway, Suite 1900
San Diego, California  92101
Tel:  (619) 702-7350
Fax:  (619) 702-7351

Bryan L. Clobes
**MILLER FAUCHER AND CAFFERTY LLP**
30 South 15th Street, Suite 2500
Philadelphia, Pennsylvania  19102
Tel:  (215) 864-2800
Fax:  (215) 864-2810

Marvin A. Miller
Lori A. Fanning
**MILLER FAUCHER AND CAFFERTY LLP**
30 North LaSalle Street, Suite 3200
Chicago, Illinois  60602
Tel:  (312) 782-4880
Fax:  (312) 782-4485

***Counsel for Plaintiffs***

*CLASS ACTION COMPLAINT*

- 28 -